UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X     NOT FOR PUBLICATION

PHILIP JOHNSON,

                    Plaintiff,     MEMORANDUM
   -against-     AND ORDER
                                             12-CV-2484 (ENV) (LB)

CITY OF NEW YORK, Corporation doing
business as New York City Housing Authority,
JOHN DOE number one alias known as New
York City Housing Authority employee,
Police Department of City of New York,
JOHN DOE number two alias known as
Police Department City of New York
employee, JANE DOE number one alias known
as Police Department City of New York
employee, 105 Precinct, New York City
Department of Corrections,

                    Defendants.
----------------------------------------------------------------X

VITALIANO, United States District Judge:

On May 17, 2012, plaintiff Philip Johnson, appearing *pro se*, filed this action against defendants pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2671-80, 5 U.S.C. § 552a, 28 U.S.C. § 1400, seeking $1 million in damages and, by order to show cause, to "enjoin defendants . . . from barring plaintiff from returning to his home by removing the padlock(s) . . . so that plaintiff can have access to his home and property . . . ." Plaintiff also filed a petition to proceed *in forma pauperis*, which the Court grants. As set forth below, the complaint is dismissed in part and plaintiff's proposed order to show cause seeking immediate injunctive relief is denied.

## Background

The following facts are taken from plaintiff's "claim complaint." On or about April 20, 2012, plaintiff was making improvements to his "home real property," which he identifies as an "abandoned

building" located at 131-23 224th Street in Queens County, when a "Department of Housing employee" asked him what he was doing. Plaintiff responded, "I live here," and the Department of Housing employee called the police. Plaintiff was soon arrested by unidentified responding officers from the 105th Precinct and later transferred to the "Department of Corrections." Plaintiff alleges, *inter alia*, that while he was in custody, the police did not allow him to cover his head in accordance with his "religion and culture" and caused him "extreme pain" by use of overly tight handcuffs and shackles. After he was released, plaintiff returned to the property and found it had been padlocked. Finally, plaintiff appears to allege that the City employees "should have been aware" that "New York Abandoned Property Law" and adverse possession justified his use of the property. Therefore, according to plaintiff, the police should have, at most, notified him that a legal proceeding would be brought against him.

According to an exhibit submitted with plaintiff's papers, he is scheduled to appear in Criminal Court on May 30, 2012. According to another exhibit, plaintiff filed an action in state court on April 26, 2012 against the same parties, which seeks similar relief, along with a request to proceed as a poor person. The state court denied his request to proceed as a poor person and directed him to pay the filing fee within 120 days from the date of the order or the case would be dismissed. See Compl., Unmarked Exhibit, Poor Person Order Pursuant to CPLR § 1101(d).

## Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered

"plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nevertheless, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Insofar as plaintiff seeks an order to show cause for preliminary injunctive relief, he is required to satisfy two elements: (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); Fed. R. Civ. P. 65; see also Herschaft v. City of New York, 2002 WL 1204780, at *1 (E.D.N.Y. Feb. 15, 2002).

## Discussion

A. The City of New York, its Agencies, and the Housing Authority

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York and the New York City Housing Authority, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs of City of New York., 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995); Campbell v. New York Police Dept., No. 95 CV 1478 (FB), 1996 WL 118547, at *1 (E.D.N.Y. March 8, 1996). Here, plaintiff does not allege, and nothing in the complaint suggests, that any of the alleged wrongful acts or omissions on the part of any City of New York employee or Housing Authority employee are attributable to a municipal policy or custom. Therefore, the claims

3

against the City of New York and the New York City Housing Authority are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims against these defendants are dismissed as well.

Furthermore, section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision has been construed to mean that New York City departments and agencies, as distinct from the City itself, lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008). See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); Adams v. Galletta, 966 F.Supp.210, 212 (E.D.N.Y. 1996) (DOC not a suable entity). Therefore, the claims against the New York City Police Department and the New York City Department of Correction are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

B. Individual City Employees

Insofar as plaintiff seeks relief against unidentified individuals employed by the New York City Housing Authority and the New York City Police Department, the Court allows those claims to proceed. Liberally construing the *pro se* complaint, plaintiff alleges that he was falsely arrested on April 20, 2012 by police officers from the 105th Precinct and that his home was padlocked without any notice or process through which he could contest the proceeding or retrieve his personal property. Accordingly, plaintiff's claims against these individual employees shall proceed.

However, plaintiff has not identified any of the individual defendants, except to identify the Jane Doe defendant as employed by the 105 Police Precinct. The United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from

4

the district court in identifying a defendant. Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full names of the individuals whom plaintiff has identified as Jane Doe of the 105th Police Precinct and to provide the address where this defendant can currently be served within 45 days from the date of this Order. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in <u>Valentin</u>. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names and, where applicable, badge numbers of these officers, an amended summons shall be issued and the Court shall direct service on these defendants.

Furthermore, the Court directs plaintiff to provide additional information as to the remaining defendants John Doe #1 of the New York City Housing Authority and John Doe #2 of the New York City Police Department. Plaintiff has failed to provide sufficient information in order to seek the assistance of the Corporation Counsel to identify these defendants. If plaintiff wishes to proceed as to these two defendants, he must provide the Court with more information regarding these two remaining defendants within 30 days. If plaintiff fails to provide such information within 30 days or fails to provide sufficient information, these defendants shall be dismissed from this action without prejudice.

C. <u>Order to Show Cause</u>

No reasonable reading of the facts alleged in the complaint suggests that plaintiff can demonstrate a legally enforceable interest in the property. Therefore, plaintiff has not demonstrated entitlement to preliminary relief.

Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to defendants City of New York,

New York City Housing Authority, New York City Police Department and the New York City Department of Correction pursuant to 28 U.S.C. §1915(e)(2)(B).[1] No summons shall issue as to these defendants.

The complaint as to the remaining individual John/Jane Doe defendants shall proceed subject to the conditions set forth above regarding identification of these defendants.

The Court also denies plaintiff's proposed order to show cause as he fails to meet the standard for such relief. Any state law claims are dismissed without prejudice.

The Clerk of Court shall serve a copy of this Order and a copy of the complaint and *in forma pauperis* application on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: May 17, 2012
Brooklyn, New York

---

[1] Plaintiff does not allege any facts to support a claim under the remaining federal statutes that he cites: 28 U.S.C. §§ 2671-80, 5 U.S.C. § 552a, 28 U.S.C. § 1400.

6