UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    NOT FOR PUBLICATION

PHILIP JOHNSON,

                     Plaintiff,    MEMORANDUM AND ORDER
-against-     12-CV-2484 (ENV) (LB)

CITY OF NEW YORK, Corporation doing
business as New York City Housing Authority,
JOHN DOE number one alias known as New
York City Housing Authority employee,
Police Department of City of New York,
JOHN DOE number two alias known as
Police Department City of New York
employee, JANE DOE number one alias known
as Police Department City of New York
employee, 105 Precinct, New York City
Department of Corrections,

                     Defendants.
-----------------------------------------------------------X
VITALIANO, United States District Judge:

On May 17, 2012, plaintiff Philip Johnson, appearing *pro se*, filed this action against defendants pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2671-80, 5 U.S.C. § 552a, 28 U.S.C. § 1400. Plaintiff also filed an order to show cause, to "enjoin defendants . . . from barring plaintiff from returning to his home by removing the padlock(s) . . . so that plaintiff can have access to his home and property . . . ." By order dated May 17, 2012, the Court granted plaintiff's request to proceed *in forma pauperis*, denied the order to show cause, and dismissed the complaint as to the City of New York, the New York City Housing Authority, the New York City Police Department, and the New York City Department of Correction. The complaint as to the individual defendants was allowed to proceed. On June 18, 2012, plaintiff filed a motion to reargue the dismissals. The motion is denied as set forth below.



## Standard of Review

Generally, motions for reconsideration are not granted "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003). Consequently, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257.

## Discussion

Plaintiff makes no allegations that would require this Court to reconsider its previous order. Plaintiff's request is based on his claim that "at least seven constables and one Housing Authority employee were at the scene of the event" and that none of "them recognized the 'New York abandoned property law' or laws from the New York Senate regarding 'adverse possession,' which shows a blatant disregard for said laws or improper training by the respective agencies . . . ." Pl. Motion at 1. Plaintiff contends that these allegations demonstrate a custom or practice justifying imposition of municipal liability. But even assuming plaintiff's new allegations had been included in his complaint, they would fail to set forth facts which could plausibly make the City of New York or the New York City Housing Authority liable. See Monell v. Dep't of Social Servs of City of New York., 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011); Chin v. New York City Housing Authority, 575 F. Supp. 2d 554, 561 (S.D.N.Y. 2008). Neither the mere recitation of a failure to train municipal employees nor of a single incident like that here is sufficient to raise an inference of the existence of a custom, policy, or practice. See, e.g., City of Oklahoma City v. Tuttle, 471 U.S. 808,

823-24 (1985). Further, as previously set forth, city agencies such as the New York City Police Department and the New York City Department of Correction lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); Adams v. Galletta, 966 F.Supp.210, 212 (E.D.N.Y. 1996) (DOC not a suable entity).

## Conclusion

Accordingly, plaintiff's motion for reargument or reconsideration of the Court's order dismissing the City of New York and its agencies from this action is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: June 21, 2012
Brooklyn, New York

3