FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 09 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHILIP JOHNSON,

        Plaintiff,

- against -

COREY DUNN, New York City Housing
Authority employee, OFFICER SARACENA,
And JANE DOE NO. 1 alias unknown
As Police Department City of New York,
105 Precinct,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM
AND ORDER
12-CV-2484 (ENV)(LB)**

VITALIANO, D.J.,

    On November 23, 2011, plaintiff Philip Johnson brought claims *pro se,* pursuant to 42 U.S.C. § 1983 and state law, alleging false arrest, malicious prosecution, excessive force and a violation of his First Amendment rights. In a Memorandum and Order, dated May 17, 2012, this Court dismissed Johnson's claims against the City of New York, the New York City Housing Authority (NYCHA), the New York Police Department (NYPD), and the New York City Department of Correction. Plaintiff's claims against the remaining defendants Corey Dunn, an employee of NYCHA, and NYPD Officer Andrew Saracena continued until, in a Memorandum and Order, dated March 14, 2015, summary judgment was granted in favor of all remaining defendants on all outstanding federal claims as well as on plaintiff's false-arrest and malicious-prosecution claims under state law. The Court declined to exercise

1



supplemental jurisdiction over the remainder of plaintiff's state law claims, to the extent any were alleged. The Clerk of Court, as directed, entered Judgment on March 20, 2015.

On March 26, 2015, the Court received plaintiff's current submission, informing the Court that plaintiff has "declined to accept all of the Court's orders and in particular the March 14, 2015 Order." In that submission, Johnson requested that a trial be properly commenced, seeking settlement or that "another judge be assigned to this suit," and that "this matter be properly returned to this Court's calendar." The Court construes plaintiff's submission as a request for reconsideration of the Court's March 14, 2015 Memorandum and Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, since it was filed within 28 days of the judgment. *See* Fed. R. Civ. P. 59(e).

"The decision to grant or deny a motion is within the sound discretion of the district court, and 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Mangino v. Inc. Village of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (citations omitted). In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to

2

controlling decisions or data that the court overlooked- matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Codero v. Astrue,* 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Meidation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)).

Having reviewed plaintiff's submission, the Court finds that it does not satisfy the demanding standard for reconsideration under Rule 59(e). Johnson's submission fails to allege any controlling legal arguments or facts that were overlooked or that would otherwise lead the Court to alter its conclusion that his case must be dismissed. *Schrader,* 70 F.3d at 257.

To the extent plaintiff alleges a violation of his double jeopardy rights and his right to counsel because he thinks he was "retr[ied]" in this Court for his state law trespassing and criminal mischief offenses, he misunderstands the nature of his lawsuit. This case is a *civil* action which *he* initiated, not a criminal action filed by a prosecuting authority against him. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (The Double Jeopardy Clause protects against three distinct abuses: a second

prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense). Another difference, there is no right to counsel in a civil case. *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984).

Plaintiff also seeks my replacement by recusal. Recusal, of course, is governed by rule. "A judicial officer is disqualified by law from acting in any proceeding in which the officer's impartiality might reasonably be questioned." *Koehl v. Bernstein*, 740 F.3d 860,863 (2d Cir. 2014) (quoting 28 U.S.C. § 455(a)) (internal quotation marks and alterations omitted). The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The motion for recusal is meritless because plaintiff has not identified any valid basis for my recusal other than his displeasure with the Court's determination dismissing his case. Recusal is denied.

## Conclusion

Accordingly, the motion for reconsideration is denied. The motion for recusal is denied.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438,

444–45 (1962). This, of course, does not mean that plaintiff cannot seek to appeal the dismissal of his case to the United States Court of Appeals for the Second Circuit. It only means that the Court believes any such appeal is without merit and, for its part, denies *in forma pauperis* status.

So Ordered.

/s/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
April 1, 2015